**2016 UT App 11**

## THE UTAH COURT OF APPEALS

UTAH ALUNITE CORPORATION AND UTAH SCHOOL AND
INSTITUTIONAL TRUST LANDS ADMINISTRATION,
*Appellants,*
*v.*
KENT T. JONES AND CENTRAL IRON COUNTY WATER
CONSERVANCY DISTRICT,
*Appellees.*

Opinion
No. 20140924-CA
Filed January 22, 2016

Fifth District Court, Beaver Department
The Honorable Paul D. Lyman
No. 140500015

David L. Mortensen, Richard R. Hall, and Andrew T.
Wojciechowski, Attorneys for Appellant Utah
Alunite Corporation

John W. Andrews, Attorney for Appellant Utah
School and Institutional Trust Lands Administration

Sean D. Reyes, Julie I. Valdes, and Norman K.
Johnson, Attorneys for Appellee Kent T. Jones

Shawn E. Draney, Scott H. Martin, and Dani N.
Cepernich, Attorneys for Appellee Central Iron
County Water Conservancy District

JUDGE GREGORY K. ORME authored this Opinion, in which JUDGES
J. FREDERIC VOROS JR. and KATE A. TOOMEY concurred.

ORME, Judge:

¶1      Appellants Utah Alunite Corporation (UAC) and Utah
School and Institutional Trust Lands Administration (SITLA)
appeal the dismissal of a petition seeking judicial review of the

decision of Kent L. Jones, Utah's State Engineer, approving the application of Central Iron County Water Conservancy District (the Water District) to appropriate water in the remote Wah Wah Valley in west-central Utah. Because SITLA and UAC, although aggrieved persons, did not become aggrieved parties under Utah's Administrative Procedure Act (UAPA) in this proceeding, they lack standing, and we dismiss their appeal.

BACKGROUND

¶2     On October 17, 2006, the Water District filed an application to appropriate water in the Wah Wah Valley. Weeks later, the State Engineer published notice of the application as required by law. *See* Utah Code Ann. § 73-3-6(1)(a) (LexisNexis Supp. 2015).[1] Approximately 300 protestants filed petitions objecting to the Water District's application; SITLA—a substantial landowner in the valley from which the water was to be appropriated—did not.[2]

¶3     Almost six years later, in August 2012, while the State Engineer was still considering the Water District's application, SITLA and UAC, which had leased lands from SITLA with an eye to mining the extensive alunite[3] deposits in the Wah Wah Valley, jointly filed a competing application to appropriate water in the valley. Soon after, the Water District filed a protest to Appellants' joint application.

---

1. Although the various statutes at issue in this case have all been amended or renumbered since 2006, these changes are inconsequential in the context of this case. Therefore, for ease of reference, we cite to the most recent version of these statutes.

2. The parties agree that, at that time, UAC was not yet a "going concern."

3. According to Appellants, alunite is "a sulfate mineral ore used in the production of potash and alumina."

¶4    Finally, in May 2014, some eight years after the Water District initially filed its application,[4] the State Engineer issued a set of decisions granting water rights to both the Water District and Appellants. Appellants' grant, however, was made "subject to the [Water] District's senior right." Characterizing the decisions as an effective denial of their application, in light of the higher-priority grant to the Water District, Appellants sought to challenge *both* orders and commenced actions for judicial review of *both* decisions in district court. As to the State Engineer's decision addressing the water rights of the Water District, the

---

4. Although Utah's appellate courts have occasionally criticized administrative agencies for excessive delay in the resolution of matters entrusted to them, *see, e.g.*, *Provo City v. Labor Comm'n*, 2015 UT 32, ¶¶ 40–42, 345 P.3d 1242 (criticizing "the administrative system" for six-year delay in review and decision concerning application for disability benefits); *Olsen v. Labor Comm'n*, 2011 UT App 70, ¶¶ 26–27, 249 P.3d 586 (criticizing agency's 38-month delay in processing an application for disability benefits as "unreasonable" and potentially harmful to "claimant[s] who ha[ve] been erroneously denied benefits"), in this case the delay appears to be justified because the State Engineer's decision depended on hydrological data for the Wah Wah Valley drainage area. Counsel for the State Engineer explained during oral argument before this court that, at the time the Water District filed its application, the State Engineer lacked meaningful data about this desolate area of Utah's west desert on which to base his decision. Thus, the majority of the time that the applications were under review was spent developing a factual record from which the State Engineer could calculate a sustainable appropriation of water from the valley. Furthermore, counsel for the State Engineer advised us that Las Vegas's designs on water from the same general area added a further complication to resolution of this matter. *See generally* Brian Maffly, *Court Rejects Las Vegas' Groundwater Rights to Rural Valleys*, Salt Lake Trib. (Dec. 12, 2013), https://perma.cc/3BBG-8PZP.

district court concluded that it lacked subject-matter jurisdiction because Appellants were not parties to the informal adjudication of the Water District's application and because they had not exhausted their administrative remedies by timely protesting (in the case of SITLA) or seeking to intervene (in the case of UAC). Accordingly, the district court dismissed Appellant's petition. This appeal followed.

## ISSUE AND STANDARD OF REVIEW

¶5     Appellants challenge the district court's interpretation of Utah Code section 73-3-14 and UAPA, arguing that their status as aggrieved persons vests them with standing to bring this appeal. "'We review questions of statutory interpretation for correctness, affording no deference to the district court's legal conclusions.'" *Wasatch County v. Okelberry*, 2015 UT App 192, ¶ 38, 357 P.3d 586 (quoting *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 12, 267 P.3d 863).

## ANALYSIS

¶6     "[S]tanding is a jurisdictional requirement that must be satisfied before a district court may even entertain the question of whether the state engineer's decision was consistent with the requirements of Utah law." *Washington County Water Conservancy Dist. v. Morgan*, 2003 UT 58, ¶ 6 n.2, 82 P.3d 1125. Thus, if UAC and SITLA lacked standing at the district court level, we must dismiss the appeal because the "lack of standing deprives us of jurisdiction over [the] appeal." *See Packer v. Utah Attorney General's Office*, 2013 UT App 194, ¶ 21, 307 P.3d 704.

¶7     And so we turn to section 73-3-14: "A person aggrieved by an order of the state engineer may obtain judicial review" of that order. *See* Utah Code Ann. § 73-3-14(1)(a) (LexisNexis 2012). Appellants believe that this phrase is the alpha and omega of standing to seek judicial review of an adverse decision of the

State Engineer. But it is not. Section 73-3-14(1)(a) goes on to say that such an aggrieved person may seek judicial review only "in accordance with Title 63G, Chapter 4, Administrative Procedures Act, and this section." *Id.* The explicit reference to UAPA in section 73-3-14(1)(a) establishes that there are two essential requirements for achieving standing to obtain judicial review of a decision made by the State Engineer. First, one must be an aggrieved person, that is, an interested person with an "actual or potential injury" resulting from the State Engineer's decision. *Washington County Water Conservancy Dist.*, 2003 UT 58, ¶ 14. Second, by reason of section 73-3-14's incorporation by reference of UAPA, the aggrieved person must also be a party. *See* Utah Code Ann. § 63G-4-401(1) (LexisNexis 2014) ("A *party* aggrieved may obtain judicial review of final agency action[.]") (emphasis added). Thus, although a person may be negatively impacted by a decision from the State Engineer that is adverse to his or her interests—and thus be "aggrieved" in a general sense—that person does not have standing to seek judicial review unless he or she becomes a party, pursuant to UAPA, in the proceeding sought to be reviewed. *See id.* § 73-3-14(1)(a) (2012).

¶8    That "aggrieved person" and "aggrieved party" are not co-extensive terms is confirmed by the separate definitions of "person" and "party" under UAPA. *See id.* § 63G-4-103(1)(f)–(g) (2014). According to UAPA, a "person" is "an individual, group of individuals, partnership, corporation, association, political subdivision or its units, governmental subdivision or its units, public or private organization or entity of any character, or another agency," *id.* § 63G-4-103(1)(g), while a "party" is "the agency or other person commencing an adjudicative proceeding, all respondents, all persons permitted by the presiding officer to intervene in the proceeding, and all persons authorized by statute or agency rule to participate as parties in an adjudicative proceeding," *id.* § 63G-4-103(1)(f). Therefore, only members of the broader group of aggrieved persons who become parties—i.e., those who commence an adjudicative proceeding, or are respondents in that proceeding once commenced, or are

permitted by the State Engineer "to intervene in the proceeding," or are otherwise "authorized by statute or agency rule to participate as parties in an adjudicative proceeding"— have standing to challenge the State Engineer's decision. *See id. See also id.* § 73-3-14(1)(a) (2012) (requiring a "person aggrieved" to meet the requirements of UAPA in order to obtain judicial review of the State Engineer's decision).

¶9     There is no question that Appellants, although parties in their own parallel administrative proceeding, were not parties to the adjudicative proceeding commenced by the Water District's application under UAPA.[5] Appellants did not commence the proceeding; the Water District did—six years before Appellants expressed any interest in the water. Furthermore, Appellants were not protestants in that proceeding even though some 300 other persons and entities jumped into the fray and even though SITLA could have filed a timely protest if concerned about the Water District's appropriation of water in the Wah Wah Valley. And although intervention in the proceeding commenced by the Water District was prohibited because the adjudication was informal, *see id.* § 63G-4-203(1)(g) (2014), Appellants never requested that the State Engineer convert the proceeding to a formal adjudication, which would have allowed them to seek intervention. Therefore, although Appellants are aggrieved persons, they lack standing because only persons that are both aggrieved *and* qualify as parties—aggrieved parties—have

---

5. Appellants do not contend otherwise. The thrust of their position is that as aggrieved persons whose position was well known to the State Engineer, by means of their status as parties in another proceeding dealing with the same water, they had all the standing they needed to seek judicial review of a determination by the State Engineer that adversely affected them, even though they had not technically been parties in the proceeding culminating in that determination.

standing under section 73-3-14 and UAPA to contest a decision of the State Engineer.[6] *See id.* § 73-3-14(1)(a) (2012).

¶10    Our decision may seem to elevate form over substance because the State Engineer undisputedly knew of Appellants' interest in the Wah Wah Valley water and the adverse impact his decision would have on them. And his decision was clearly inimical to their interests. But deviating from the clear legislative mandate of section 73-3-14 to force another outcome, sensible though it might be in the narrow confines of this case, would potentially skew other cases through the creation of bad precedent that could not be limited—at least not in a principled way—to the unique facts of this case. Moreover, as previously mentioned, Appellants had available to them a number of options and administrative remedies of which they failed to take advantage. SITLA could have filed a protest as an interested party after the State Engineer published notice of the Water District's application,[7] *see id.* § 73-3-7(1), and UAC, as SITLA's lessee, could then likely have "piggybacked" on SITLA's protest. Appellants also could have requested that the State Engineer convert the process into a formal adjudication. *See id.* § 63G-4-

---

6. Thus, persons that are parties under UAPA, but lack a legally cognizable grievance, likewise lack standing. *See Washington County Water Conservancy Dist. v. Morgan*, 2003 UT 58, ¶¶ 14–16, 82 P.3d 1125 (concluding that parties without a grievance lacked standing to appeal); *Badger v. Brooklyn Canal Co.*, 922 P.2d 745, 750 n.9 (Utah 1996) (same). So a party who is not also an "aggrieved person" lacks standing just as fully as does an "aggrieved person" who is not also a party.

7. As the State Engineer points out in his brief, "as a landowner [in the Wah Wah Valley] with inevitable water needs, SITLA had an interest in the water when the State Engineer published notice of [the Water District's] Application in November 2006." That it did not file a protest is particularly curious in light of the fact that some 300 other interested parties saw fit to do so.

202(3) (2014). Had the informal adjudication been converted into a formal proceeding, Appellants could then have sought intervention in the case. *See id.* § 63G-4-207(1). Had Appellants requested formal adjudication, and had the State Engineer refused to grant it or refused to allow Appellants to intervene after converting the case to a formal proceeding, we could have reviewed that decision, and this appeal and the appeal from the order addressing UAC's application could have been consolidated. *See id.* § 63G-4-403(4)(h)(i) (providing that discretionary agency actions taken in formal adjudication are reviewed for abuse of discretion).

¶11    Under the actual circumstances and posture of this case, however, Appellants were not parties and thus lack standing to obtain judicial review of the State Engineer's decision permitting the Water District's appropriation of water in the Wah Wah Valley. Appellants' rights to challenge the allocation of Wah Wah Valley water are constrained by the contours of the case they initiated.

CONCLUSION

¶12    Appellants were not parties to the proceeding concerning the Water District's application and therefore lacked standing under UAPA to seek judicial review of the State Engineer's determination made in that proceeding even though they were aggrieved by it. Absent such standing, the district court lacked jurisdiction over Appellant's judicial review petition and correctly dismissed it. And absent such standing, we lack jurisdiction over this appeal, which is hereby dismissed.

———————